■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE QUEVEDO, Appellant. — Judgment, Supreme Court, Bronx County, rendered May 15, 1978, convicting defendant, on jury verdict, of two counts of sodomy in the first degree (Penal Law, § 130.50, subds 1, 3), and sentencing him thereon to concurrent terms of imprisonment of 5 to 15 years, and order of Supreme Court, Bronx County, entered March 28, 1980, denying defendant's motion to vacate the judgment pursuant to CPL 440.10 (leave to appeal granted, Silverman, J., June 26, 1980), are both unanimously affirmed. We have considered the defendant's claims of error and we do not think they have sufficient merit to warrant reversal. In connection with the motion to vacate the judgment, the trial court examined portions of the District Attorney's file *in camera*. Upon the oral argument. of this appeal there was some question as to whether the documents so examined had properly been made part of the record and available to defendant's attorneys. We have examined the records and are satisfied that pursuant to the Trial Judge's instructions the documents were properly caused to be marked as exhibits, as part of the record, and were placed in the court file where they have been at all times available for examination by defendant's attorneys as well as this court in connection with this appeal. The District Attorney suggested to the jury in summation the possibility that defendant may have had only one tattoo at the time of the criminal incident and that the second tattoo may have been added later. Defendant argues that the District Attorney knew that the defendant had more than one tattoo at the time of the criminal incident, and that therefore the District Attorney's suggestion was made in bad faith. The District Attorney's notes do say that the complaining witness said that the perpetrator "has tattoos." But the District Attorney's notes further show, apparently as a result of inquiry to the Bureau of Criminal Identification, that on September 8, 1977, over a year after the criminal incident, the defendant had a tattoo on his right upper arm, "only one." Accordingly, it does not appear that the District Attorney's suggestion was made in bad faith. Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Lynch, JJ.